## IN THE UNITED STATED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| RICHARD W. HARPER | § | |
|     Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v | § | |
| | § | |
| KASIM REED, in his official capacity | § | |
| As Mayor of the City of Atlanta, | § | |
| CITY OF ATLANTA, CAYENNE V . | § | |
| MAYES, LORRAINE VULTAGGIO | § | |
| and HOSEA E. CHANCHEZ | § | |
|     Defendants | | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1443(2), 1446(a), 1446(b) and Rule 81(c) of the Federal Rules of Civil Procedure, Defendants Mayor Kasim Reed, in his official capacity, City of Atlanta and Officer Lorraine Vultaggio ("City Defendants"), file this Notice of Removal of the instant action from the Superior Court of Fulton County, Georgia where it is now pending, to the United States District Court for the Northern District of Georgia, Atlanta Division, and show the Court as follows:

1.

On November 4, 2014, Richard W. Harper ("Plaintiff") filed a Verified Complaint in the Superior Court of Fulton County, Georgia, Civil Action File Number 2014-CV-253481 (attached hereto as Exhibit "A").

2.

City Defendants were served with Plaintiff's Complaint on or about November 12, 2014.

3.

The Complaint asserts a cause of action against Defendants, pursuant to, *inter alia*, 42 U.S.C. § 1983 as well as alleges violations of the United States Constitution.

4.

This court has original jurisdiction of this matter concurrent with the original jurisdiction of the state court and this matter is removable pursuant to the provisions of 28 U. S. C. § 1441 (a).

5.

The Notice of Removal constitutes only a limited, and not a general, appearance by Defendants. Defendants are appearing solely to remove this action from state to federal court, and Defendants do not waive any right to assert any defenses as to service of process, the sufficiency of service of process, or personal jurisdiction.

6.

This Notice of Removal is timely in that it is filed within thirty (30) days of service of the Complaint. Moreover, City Defendants have the consent of all

named Defendants[1] in this case, except Hosea Chanchez.  City Defendants do not yet have the consent of Defendant Hosea Chanchez because he has not yet been served and is not yet subject to the Court's jurisdiction.  City Defendants have complied with all conditions precedent to removal.

Respectfully submitted this 10th day of December, 2014.

By:    _/s/ Veronica L. Hoffler____
Robert N. Godfrey
Chief Counsel
Georgia Bar No. 298550
Tamara N. Baines
Sr. Assistant City Attorney
Georgia Bar No. 032460
Veronica L. Hoffler
Assistant City Attorney
Georgia Bar No. 358799

Attorneys for City Defendants

CITY OF ATLANTA LAW DEPARTMENT
55 Trinity Avenue, Suite 5000
Atlanta, Georgia  30303-3520
(404) 546-4148 (telephone)
(404) 739-3340 (facsimile)
vlhoffler@atlantaga.gov

---

[1] *See¸* Exhibit B – Email from Cayenne Mayes consenting to removal.



## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
### SUMMONS

Case No.: 2014CV253481

RICHORD W NARPER

**Plaintiff,**

vs. Kasim Reed, in his official capacity
as Mayor of Atlanta - City of Atlanta
Cayenne T Moyes, Lorraine Vitaggio
Noseo E Cliovckiz

**Defendant**

TO THE ABOVE NAMED DEFENDANT(S): Kasim Reed, in his official capacity as Mayor of Atlanta

You are hereby summoned and required to file with the Clerk of said Court and serve upon plaintiff's attorney, whose name and address is:

Walker W Furlong
WALTER W FURLING PC
305 Lawrence St, NE
Morietta, Georgia 30060

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This _____4th_____ day of _____November_____, 20_14_

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

_____
Deputy Sherriff

**EXHIBIT A**

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA



RICHARD W. HARPER,     :

    Plaintiff,     :
:
v.     :
:     Civil Action No.
KASIM REED, in his official capacity as     :
Mayor of the City of Atlanta, CITY OF     :     2014 CU 25 3481
ATLANTA, CAYENNE V. MAYES,     :
LORRAINE VULTAGGIO and     :     **JURY TRIAL DEMANDED**
HOSEA E. CHANCHEZ,     :
:
    Defendants.     :

RECEIVED NOV 12 2014 CITY OF ATLANTA DEPT OF LAW

FILED IN OFFICE NOV 04 2014 DEPUTY CLERK SUPERIOR COURT FULTON COUNTY, GA

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, Richard W. Harper ("Harper" or "Plaintiff") and hereby files his Complaint for Damages against the above Defendants and respectfully shows this Court the following:

## NATURE OF THE ACTION

1. This Complaint asserts a civil rights action pursuant to 42 U.S.C. §§ 1983 and 1988 for damages due to the Defendants' violations of Plaintiff's rights under the United States Constitution and Georgia Constitution to be free from unreasonable searches and seizures. This Complaint also seeks redress for the numerous state law torts committed by the Defendants including false imprisonment, assault, battery and negligence.

**The Plaintiff shows that the proper anti-litem notice was given to the City of Atlanta.**

## PARTIES, JURISDICTION, AND VENUE

2. Richard W. Harper is a citizen of the United States of America and a resident of the state of Georgia, living and being domiciled in Fulton County, Georgia.

3. Defendant Kasim Reed is the Mayor of the City of Atlanta, Georgia and is sued in his official capacity. The City of Atlanta Defendant is the municipal government entity who's policies, practices and customs in running the Atlanta Police Department or a moving force in the constitutional and statutory violations and other violations as set forth herein.

4. Defendant Cayenne V. Mayes is a resident of Cobb County, Georgia and may be served with process at 858 Parkway Drive SE, Smyrna, Cobb County, Georgia 30080-1472. This Defendant is presently a Deputy Sheriff in the Clayton County Police Department and is a former City of Atlanta Police Officer who was terminated by the Atlanta Police Department for extensive beatings and other violations of individuals' civil rights. This Defendant is also a former member of the disbanded Red Dog Unit of the Atlanta Police Department.

5. Defendant Lorraine Vultaggio is a police officer working for the Atlanta Police Department headquartered in Atlanta, Georgia. Vultaggio is a resident of Atlanta, Fulton County, Georgia and may be served with process at her residence located at 450 Piedmont Avenue NE, Apartment 1109, Atlanta, Georgia 30308-3439.

6. At all times relative to this Complaint, Vultaggio as acting under color of state law as a duly sworn, certified law enforcement officer employed by the Atlanta Police Department.

2

7.   At all times relative to this Complaint, Mayes was acting in his individual capacity; however, flashed and showed his badge repeatedly to Defendant Vultaggio in order to induce and have Defendant Vultaggio unlawfully arrest Plaintiff herein.

8.   Defendant Hosea Chanchez is an individual with a permanent resident in California and may be served at his residence at 8568 Holloway Drive, West Hollywood, California 90069.   Alternatively, this Defendant may still be a resident at 3630 Peachtree Road, Atlanta, Fulton County, Georgia and may be served at that residence.

9.   Defendant Chanchez is subject to the jurisdiction and venue of this Court as a joint tort feasor involved in this action against the Plaintiff herein.

10.   The individual Defendants are sued in their individual capacities.

11.   This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 as this action under the laws of the Constitution of the United States  and pertains to violations of the Plaintiff's civil rights.

12.   This Court has personal jurisdiction over the Defendants because the Defendants are domiciled in the state of Georgia.

13.   Venue is proper in the Superior Court of Fulton County as the majority of the Defendants reside in this county and the offense giving rise to this claim occurred within Fulton County, Georgia.

## FACTS

14.   On November 4, 2012, the Plaintiff resided at 3630 Peachtree Road, Unit 2104, Atlanta, Fulton County, Georgia.

3

15.   At that date and time Plaintiff was in his residence when the Defendants Chanchez and Mayes commenced causing a disturbance in a common area of the condominium residents located approximately three floors below the Plaintiff's residence.

16. The Plaintiff requested that Defendants Mayes and Chanchez keep their noise down as it was after normal hours for using the common area at the condominium units.

17.   Subsequent to requesting that Defendants Chanchez and Mayes keep the noise to a minimum, these Defendants commenced yelling at the Plaintiff and yelled profanities to him.

18.   Plaintiff called the concierge of the condominium units, complaining about what happened and went back on his balcony to talk to Defendants Mayes and Chanchez and an argument ensued.

19.   Plaintiff after calling the concierge, exited his unit and went down to the common area to meet a concierge of the homeowners and management company in the common area.

20.   At the time the Plaintiff walked into the common area the homeowners representative was there and Defendants Chanchez and Mayes came out of the pool and commenced arguing with the Plaintiff.

21.   Defendant Mayes stated to the Plaintiff that he was a police officer and he could beat his ass and then arrest his ass.

4

22.   Thereafter, an argument ensued and subsequent to the argument, the Plaintiff returned to his residence in the condominiums.

23.   Defendant Chanchez called the Atlanta Police Department and Defendant Vultaggio responded as the on-duty officer of the Atlanta Police Department.

24.   Defendant Vultaggio then met with Defendants Chanchez and Mayes, Mayes asserted and showed Vultaggio his badge and that he was a police officer, that he wanted the Plaintiff arrested.

25.   Defendant Vultaggio then contacted the Plaintiff on two occasions.  The first occasion being in the doorway of his residence, where she and the condominium representative talked to the Plaintiff briefly as to what occurred.

26.   Subsequent thereto after talking to Defendant Mayes again Defendant Vultaggio came up to Plaintiff's residence, knocked on the door, Plaintiff answered the door and Defendant Vultaggio pushed the door in, without invitation and forced her way into Plaintiff's residence and stated Plaintiff was under arrest. She then searched him and placed handcuffs on the Plaintiff.

27.   The Plaintiff requested from the officer what he was being charged with and she refused to tell him.

28.   The officer then ultimately charged the Plaintiff with disorderly conduct, a city violation.

29.   At no time did Defendant Vultaggio see any crime or wrongful actions being taken by the Plaintiff against any party.

30.   Neither did Defendant Vultaggio see any evidence of physical injuries or scuffling on any parties.   At no time during or prior to the arrest did Defendant Vultaggio obtain an arrest warrant for the Plaintiff nor did she ever obtain a search warrant for the Plaintiff's residence.

31.   At no time was there probable cause, exigent circumstances, consent or the legal justification to search the Plaintiff's residence.

32.   Plaintiff shows that Defendant Vultaggio violated a policy of the Atlanta Police Department in that the arrest of the Plaintiff herein does not qualify for a legal arrest under O.C.G.A. § 17-4-20.

33. Plaintiff further shows that the arrest of the Plaintiff by this Defendant was in violation of the Atlanta Police Department's policy manual as to arrests without a warrant.

34.   Plaintiff further shows that at the time of the his arrest the officer should have advised Plaintiff and others or the policy to apply for a warrant under these circumstance but she willfully failed to do so. However Vultaggio based on her conversation with the Mayes, chose to arrest the Plaintiff in violation of applicable provisions of Georgia and federal law.

### COUNT I:

### VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS FOR ILLEGAL ENTRY AND SEARCH OF PLAINTIFFS' RESIDENCE PURSUANT TO 42 U.S.C. § 1983

35.   The Plaintiff herein repeats and realleges each and every allegation contained in the forgoing paragraphs 1 through 34 as if fully stated herein.

36. At all times relative to this Complaint, the Defendants were acting under color of statute or against regulations customarily used by the state of Georgia.

37. Specifically Vultaggio was acting under the color of state law as a sworn police officer for the City of Atlanta Police Department, located in Atlanta, Fulton County, state of Georgia.

38. Defendant Mayes was acting individually, but represented himself as a police officer to secure the arrest of the Plaintiff in violation of the applicable provisions of state law. Defendant Mayes at the time was a sworn police officer working for the Clayton County Sheriff's Department.

39. The Plaintiff has always been a citizen of the United States and has been a resident domiciled in Atlanta, Fulton County, Georgia at the time of the allegations set forth in this Complaint.

40. At all times relative to this Complaint, the Defendants subjected or caused to be subjected the Plaintiff to deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States and the state of Georgia.

41. Specifically, the Defendant Vultaggio unlawfully entered and searched the Plaintiff's residence by entering and searching the residence without a valid search warrant, arrest warrant, consent, exigent circumstances or any other lawful justification.

42. Defendant Vultaggio had no particularized, reasonable, articulable or objective basis to suspect that the Plaintiff had committed or was committing or about to commit any criminal offense.

43. The detention and arrest of the Plaintiff was unreasonable, was an unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

44. The individual Defendants had no particularized probable cause to believe that the Plaintiff had committed or was committing any criminal offense.

45. The seizure of the Plaintiff was excessive and unreasonable in duration and scope.

46. The seizure of the Plaintiff constitutes an arrest for which a warrant was required.

47. The arrest of the Plaintiff was unreasonable.

48. Defendants Vultaggio and Mayes exercised his/her authority as a police officer to affect the seizure and arrest of the Plaintiff.

49. The individual Defendants intended to confine Plaintiff, committed acts resulting in his confinement and Plaintiff was arrested.

50. The individual Defendants had no reasonable belief that the Plaintiff was armed or dangerous.

51. The frisk of the Plaintiff was therefore unreasonable.

52. The arrest of the Plaintiff required that a crime be committed in the presence of the officer or that there be physical manifestations of some type of injury, all of which was lacking.

53. Therefore, the Defendants violated the Plaintiff's Fourth Amendment and Fourteenth Amendment rights to be secure in his person, house, papers and effects against unreasonable searches and seizures.

54. The Plaintiff was directly and proximately injured by the Defendants' violation of the Fourth and Fourteenth Amendments in that the Plaintiff was physically harmed and endured pain and suffering, mental and emotional distress, fear, anxiety, humiliation, outrage and loss of personal reputation.

55. Plaintiff shows that he was handcuffed, paraded through the lobby of the condominium association in front of numerous people, taken by van or paddy wagon to the City of Atlanta, stripped and searched, fingerprinted and mug shots taken.

56. Plaintiff shows that he is a middle-aged individual, has never been arrested or in trouble in his life.

57. The Defendants acted in a reckless or callous indifference to the Plaintiff's federally protected rights.

58. The Plaintiff is therefore entitled to special damages, general damages and punitive damages in an amount to be determined by the enlightened conscious of a jury. Also, pursuant to 42 U.S.C. § 1988, the Plaintiff is also entitled to attorney's fees and expenses of litigation.

59. The Defendants herein are not protected by any qualified immunity as to any constitutional acts complained of in this Complaint or clearly established by law at the time of the illegal arrest and entering the Plaintiff's residence.

### COUNT II:

### VIOLATION OF THE GEORGIA CONSTITUTION, ARTICLE I, SECTION 1, ¶¶ XIII, XVII

60.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 59 as if fully set forth herein.

61.   The individual Defendants by their foregoing actions and with malice and oppression committed unreasonable searches, seizures, used excessive force, illegally arrested and conducted an unreasonable search and arrest, all in violation of the Georgia Constitution, Article I Section 1, ¶¶ XIII and XVII set forth therein.

62.   Plaintiff is entitled to damages as set forth herein.

### COUNT III:

63.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 62 as if fully set forth herein.

64.   By unlawfully detaining the Plaintiff and depriving him of his personal liberty, the Defendants are guilty of false imprisonment, a tort for which an action for damages will lie pursuant to O.C.G.A. § 51-7-20.

65.   The Defendants combined and conspired to accomplish the unlawful objective of falsely imprisoning the Plaintiff by unlawful means.

66.   At all times relative herein, Defendant Vultaggio was acting within the scope of her employment as a sworn police officer for the City of Atlanta, Georgia.

67.   The detention of the Plaintiff was unlawful and intentional and deprived the Plaintiff of his personal liberty.

68.   At no time were the Defendants legally justified in causing such detention.

69. As a result of the false imprisonment, the Plaintiff sustained physical harm and endured pain and suffering, mental and emotional distress, fear, anxiety, humiliation, outrage and loss of personal reputation.

70. The Defendants acted will willful misconduct, malice, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to the consequences of their actions.

71. The Plaintiff is therefore entitled to general damages, special damages and punitive damages.

72. The Defendants are not protected by any qualified immunity.

73. The false imprisonment of the Plaintiff was the act of several Defendants jointly and the Defendants are jointly and severally liable for the entire damages pursuant to O.C.G.A. § 51-7-22.

74. The individual Defendants acted with malice and oppression and conspired to falsely imprison the Plaintiff and did so under color of legal process.

## COUNT IV:

### ASSAULT AS TO PLAINTIFF

75. The Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs 1 through 74 of this Complaint as if fully stated herein.

76. At all relevant times to this Complaint, Defendant Vultaggio was acting within the scope of her employment as a sworn City of Atlanta police officer.

11

77.   At all times relevant to this Complaint, Defendant Mayes was representing himself as a Sheriff, a sworn police officer and working for the Sheriff's Department of Clayton County, Georgia.

78.   On November 4, 2012, when the Defendants arrested and forced their way into Plaintiff's residence, a reasonable person in Plaintiff's position would have apprehended a violent injury during this conduct.

79.   The Plaintiff did in fact apprehend a violent injury because of Defendants' action.

80.   All the individual Defendants combined and conspired to accomplish the unlawful objective of assaulting the Plaintiff by unlawful means.

81.   At no time were the Defendants justified in causing such apprehension of a violent injury to the Plaintiff.

82.   As a result of the assault the Plaintiff sustained physical harm and endured pain and suffering, mental and emotional distress, fear, anxiety, humiliation, outrage and loss of personal reputation.

83.   The individual Defendants acted with malice and oppression, assaulted and combined and conspired to assault the Plaintiff and did so under color of legal process.

84.   The Plaintiff therefore is entitled to general damages and special damages and punitive damages.

85.   The Defendants are not protected by any immunity.

## COUNT V:

### BATTERY TO PLAINTIFF BY DEFENDANTS

86. The Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 85 as if fully stated herein.

87. At all times relative to this Complaint, Defendant Vultaggio was acting within the scope of her employment as a sworn officer for the City of Atlanta Police Department.

88. At all times relative to this Complaint, Defendant Mayes was acting individually and showed his Deputy Sheriff's badge to have Defendant Vultaggio a Atlanta Police Department officer use that to wrongfully arrest the Plaintiff.

89. The individual Defendants intended to make harmful, assaulting and provoking contact with the Plaintiff. The individual Defendants' acts of pushing the Plaintiff, spinning him around, handcuffing him, pushing him against the wall and searching him were offensive, unlawful touching that would have been offensive to an ordinary person. Such acts constitute battery by the individual Defendants under the laws of the state of Georgia.

90. This intrusion by the Defendants on November 4, 2012 was offensive and objectionable to a reasonable person as the intrusion was without a search warrant, an arrest warrant, consent, exigent circumstances or any other legal justification.

91. The individual Defendants' acts of shoving the Plaintiff were illegal attempts to commit a physical injury upon the Plaintiff and are actionable under O.C.G.A. § 51-1-14.

92.  As a result of this conduct by the Defendants, the Plaintiff sustained physical harm and endured pain and suffering, mental and emotional distress, fear, anxiety, humiliation, outrage and loss of personal reputation.

93.  The Defendants acted with willful misconduct, malice, wantonness, oppression for the entire want of care which would raise the presumption of conscious indifference to the consequences of their actions.

94.  Plaintiff is therefore entitled to general damages, special damages and punitive damages.

95.  The Defendants are not protected by any immunity.

**COUNT VI:**

**<u>NEGLIGENCE OF THE DEFENDANTS</u>**

96.  The Plaintiff herein repeat and realleges each and every allegation in paragraphs 1 through 95 of the Complaint as if fully set forth herein.

97.  At all times relevant to this Complaint, Defendant Vultaggio was acting within the scope of her employment as a sworn police officer for the City of Atlanta, Georgia.

98.  At all times relevant to this Complaint, Defendant Mayes was acting in a misrepresentative capacity in showing his badge to induce Defendant Vultaggio to arrest the Plaintiff while Defendant Mayes full well knew that he should not have done so, especially in view of his prior conduct and termination from the Atlanta Police Department.

99.    Defendant Chanchez was a party and co-conspirator and friend of Mayes and conspired with Mayes to accomplish the wrongful assault and battery as well as false imprisonment.

100.   The Defendants had a duty not to violate the Fourth and Fourteenth Amendments of United States citizens.

101.   The Defendants had a duty not to arrest the Plaintiff without a valid arrest warrant, search warrant or other legal justification.   The Defendants violated Georgia law in this regard and had a duty not to seize and detain an individual without legal justification.

102.   The Defendants conspired to breach that duty when they unlawfully entered and arrested and searched, seized and detained the Plaintiff physically.

103.   The Plaintiff sustained physical harm and endured pain and suffering, mental and emotional distress, fear, anxiety, humiliation, outrage, and loss of personal reputation.

104.   The breach of this duty was the proximate cause of the Plaintiff's injuries.

105.   The Defendants acted with willful misconduct, malice, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences of their actions.

106.   The Plaintiff is therefore entitled to general damages, special damages, and punitive damages.

107.   The Defendants are not protected by qualified immunity.

## COUNT VII:

## ATTORNEY'S FEES AND COSTS TO THIS PLAINTIFF

108.   The Plaintiff herein repeats and realleges into this paragraph each and every allegation contained in paragraphs 1 through 107 as if fully set forth herein, verbatim.

109.   The Defendants have been stubbornly litigious, have acted in bad faith and have caused Plaintiff Harper unnecessary trouble and expense.

110.   Accordingly, the Plaintiff is entitled to recover expenses of litigation pursuant to O.C.G.A. § 13-6-11.

111.   Additionally, Plaintiff is also entitled to attorney's fees and expenses of litigation pursuant to U.S.C.A. § 1988.

## PRAYER FOR RELIEF

The Plaintiffs pray that this Court grant judgment against the Defendants on all counts in this Complaint and that the forms of relief required by law and justice be awarded, including but not limited to the following:

(a)   For actual damages in an amount more than $100,000 as well as punitive damages in an amount to be determined by the enlightened conscious of the jury;

(b)   Trial by jury;

(c)   For reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11 and under 42 U.S.C. § 1988;

(d)   That prejudgment interest be awarded; and,

16

(e)    That the Court award such other equitable or monetary relief as the Court

deems just and proper.

This 3rd day of November 2014.

Respectfully submitted,

WALTER W. FURLONG, P.C.

Walter W. Furlong
Georgia Bar No. 280900
305 Lawrence Street  NE
Marietta, GA 30060
404-897-7074
wweflaw@gmail.com
Counsel for Plaintiff

17

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

RICHARD W. HARPER,           :
                                        :

    Plaintiff,                 :
                                          :

v.                               :         Civil Action No.
                                          :

KASIM REED, in his official capacity as  :    _____
Mayor of the City of Atlanta, CITY OF  :
ATLANTA, CAYENNE V. MAYES,       :    **JURY TRIAL DEMANDED**
LORRAINE VULTAGGIO and         :
HOSEA E. CHANCHEZ,            :
                                          :

    Defendants.             :

## VERIFICATION

Personally appeared before me the undersigned officer, duly authorized to administer oaths, Richard W Harper, who, after having been duly sworn, deposes and states that the facts and information contained in Plaintiff's Complaint are true and correct and based upon the personal knowledge and information of the affiant and that affiant is possessed of such knowledge and information in order to make and give this affidavit. Affiant further sayeth not.

_____

Richard W Harper, Affiant

Sworn to and subscribed to
before me this \_\_\_ day of
November, 2014

_____
Notary Public
My Commission Expires:

_____

**White, Tai D.**

| | |
|---|---|
| **From:** | Cay <cayenne2595@yahoo.com> |
| **Sent:** | Wednesday, December 03, 2014 4:20 PM |
| **To:** | Hoffler, Veronica L. |
| **Subject:** | Re: Richard Harper v. Kasim Reed, et al. - 2014CV3481 |

Veronica,

Yes, I give my consent to remove the referenced case to Federal Court.

Cayenne

Sent from my iPhone

On Dec 3, 2014, at 3:57 PM, Hoffler, Veronica L. <VLHoffler@AtlantaGa.Gov> wrote:

> Mr. Mayes,
>
> We would like to remove the above referenced case to Federal Court.  This email
> is to memorialize your consent to the removal.  Please confirm by responding to
> this email.
>
> Thanks,
> Veronica
>
> *Please note my new office phone number and street address, effective as of Monday, November 17, 2014.*
>
> Veronica L. Hoffler
> Assistant City Attorney
> City of Atlanta Law Department
> 55 Trinity Avenue
> Suite 5000
> Atlanta, GA 30303
> Tel. (404) 546-4148
> Fax  (404) 739-3340
>
> CONFIDENTIALITY: THE INFORMATION CONTAINED IN THIS EMAIL MAY BE PROTECTED BY THE
> ATTORNEY/CLIENT, WORK PRODUCT OR OTHER PRIVILEGES.  IT IS INTENDED ONLY FOR THE USE OF THE
> INDIVIDUALS OR ENTITY(IES) NAMED ABOVE, AND THE PRIVILEGES ARE NOT WAIVED BY VIRTUE OF THIS
> HAVING BEEN SENT BY EMAIL.  IF THE PERSON ACTUALLY RECEIVING THIS EMAIL OR ANY OTHER READER
> OF THE EMAIL IS NOT THE INTENDED RECIPIENT, ANY USE, DISSEMINATION, DISTRIBUTION, INCLUDING
> FORWARDING, OR COPYING OF THIS COMMUNICATION AND/OR ATTACHMENTS IS STRICTLY
> PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY DELETE
> THIS MESSAGE IN ITS ENTIRETY AND PROMPTLY NOTIFY US.  THANK YOU.


EXHIBIT
B

**IN THE UNITED STATED DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| RICHARD W. HARPER | § | |
|     Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v | § | |
| | § | |
| KASIM REED, in his official capacity | § | |
| As Mayor of the City of Atlanta, | § | |
| CITY OF ATLANTA, CAYENNE V . | § | |
| MAYES, LORRAINE VULTAGGIO | § | |
| and HOSEA E. CHANCHEZ | § | |
|     Defendants | | |

**<u>CERTIFICATE OF SERVICE</u>**

I, Veronica L. Hoffler, hereby certify that on December 10, 2014, I mailed a

copy of the foregoing **NOTICE OF REMOVAL** through the United States mail

with adequate postage affixed thereto to the following attorney of record:


Walter W. Furlong
Walter W. Furlong, P.C.
305 Lawrence Street, NE
Marietta, GA 30060


<u>*/s/Veronica L. Hoffler*</u>
**VERONICA L. HOFFLER**
Assistant City Attorney
Georgia Bar No. 358799
Attorney for City Defendants